## JOHN C. CLAPP *vs.* HANCOCK BANK & Trustees.

The Suffolk Bank is chargeable as trustee of a bank whose money it holds on deposit, subject to be withdrawn fifteen days after notice, free from interest, as consideration for receiving its foreign money deposits, although such notice has not been given.

TRUSTEE PROCESS. The answer of the President, Directors and Company of the Suffolk Bank, summoned as trustees, disclosed that, on the 13th of August 1857, they received of the principal defendants $3000, upon a written agreement, as follows: " Suffolk Bank, Boston, Aug. 13 1857. I hereby certify that the Hancock Bank, Ellsworth, deposited this day free from interest three thousand dollars as consideration for receiving its current foreign money deposits, subject to be withdrawn fifteen days after notice, by the return of this certificate with the receipt of the cashier of the said bank. The foreign money deposits to cease when such notice is given. Edward Tyler, Cashier "; that, on the day of the service of the writ, the defendants owed them $1,652.08, and, by the understanding and agreement between them, they would have the right to deduct this sum whenever they should be bound, under the above agreement, to pay the $3000; that they did not receive any such notice as is referred to in the agreement until after the service upon them, and, fifteen days thereafter, having forgotten the service of process upon them, they paid over the balance to the Maverick Bank, which was then redeeming the bills of the defendants; that, before the service upon them, they had refused to receive the defendants' bills, or, as it is usually expressed, had thrown them out, and the Maverick Bank then, or shortly afterwards, commenced redeeming them.

The trustees were charged in the superior court, and appealed to this court.

*C. A. Welch*, for the trustees.

*C. Demond*, for the plaintiff.

MERRICK, J. The answer of the trustees discloses that, before the service of the writ upon them, they had received under

a special contract the sum of three thousand dollars in deposit from the defendants, against which they had charges on the day of said service amounting to $1,652.08, which they had a right to deduct from it. But they contend that they are not liable to be charged as trustees for the balance in this action, because said contract remained in full force, and they were still bound to perform the duties it imposed upon them. The certificate of deposit, signed by the cashier of the Suffolk Bank, and annexed to and made part of the answer, is referred to as containing a statement of the terms and conditions upon which the deposit was made. From this certificate it appears that the depositors had a right to withdraw any balance which might be due to them upon giving fifteen days' notice of their intention to do so. Hence, there was a debt due which, at the pleasure of the Hancock Bank, might become payable within a fixed and definite period, and which, whether anything was or was not done about it by either of the parties, must certainly become due and payable, at the expiration of the time within which the charter of the corporation was limited. It was a debt, therefore, absolutely due, although payment of it could not, by the mere action of the Hancock Bank, be insisted upon as a right until a future period.

But the trustees further insist that they cannot be charged because they were still bound to receive in deposit the current foreign money which might be offered them in deposit by the Hancock Bank. If they were in fact, as they assert that they were, under obligation to receive such money in deposit, that, upon their statement of the terms of the contract, has no tendency to show that they ought not to be charged on account of the money already in their hands, that it might be held for the benefit of an attaching creditor. For the receipt of any possible amount of current foreign money would create no charge against the Hancock Bank, and could not diminish the amount due to that corporation; its only effect would be to increase the amount of their own indebtedness. The more they received, the more they would necessarily owe.

It would lead to a very different result if the Suffolk Bank was

required, in consideration of such deposits, to redeem the bills of the Hancock Bank presented at its counter until due notice was given by the latter of its intention to withdraw its funds and discontinue the transaction of business under the contract. But it is not shown that there was any such bargain or agreement by the parties. The Suffolk Bank admit no such obligation. So far from being under such obligation, it is expressly stated in their answer that they had, before the service of the writ upon them, "thrown out," that is, refused to take or redeem the bills of the Hancock Bank. They held themselves to be subject to no such duty. Having the right to refuse to redeem or take those bills, they had the most perfect means in their own power to prevent the diminution of the balance of their indebtedness without their own consent and their own action. Indeed it is quite apparent from the statements in the answer that the control of the whole course of business, until its further continuance should be prevented by the withdrawal of its deposit by the Hancock Bank, upon notice given in the manner prescribed, was given to and possessed by the Suffolk Bank. The permanent deposit of $3000, free of interest, was undoubtedly intended as a compensation for the service rendered in the redemption of the bills of the Hancock Bank, and the deposits of current foreign money was for the purpose of furnishing the means wherewith to do it. When the Suffolk Bank refused any longer to redeem or receive those bills, the object and motive of the other party to make additional deposits no longer existed. Such refusal, therefore, which was claimed and exercised as a right, was an actual termination of all intercourse between the parties under the contract, and nothing remained but that the Suffolk should pay to the Hancock Bank the balance then standing due to it. That balance was attached in the hands of the debtors upon the writ served upon them, and they must according y be charged as trustees for that amount.